UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:01-cr-70-T-23TBM
      8:05-cv-580-T-23TBM

PRESTON BERNARD THOMAS

_____/

## **O R D E R**

Thomas moves (Doc. 16) for reconsideration of the order (Doc. 14) denying his motion to vacate. Thomas filed two supplements after the motion to vacate was fully briefed. Thomas is correct that the earlier order omits addressing the two issues raised in the two supplements. (Doc. 6 and 7) Consequently, this order amends the earlier order.

At his first trial Thomas was found not guilty of one count of violating the controlled substance laws and the jury could not decide his guilt on the remaining counts. At the second trial Thomas was found guilty of both conspiring and possessing fifty grams or more of cocaine with the intent to distribute (counts one and two) and maintaining a place for the purpose of manufacturing, distributing, and using cocaine (count eight). Thomas received an enhanced sentence of life imprisonment under 21 U.S.C. § 841 because he has many prior felony convictions. In his original motion to vacate (Doc. 1) Thomas challenges the court's imposition of an enhanced sentence because the United States allegedly both failed to file the notice of prior convictions before the second trial and failed to adequately identify the prior convictions. The motion to vacate also alleges that both trial and appellate counsel rendered ineffective

assistance by failing to assert each claim. The claims were denied in the earlier order. (Doc. 14)

In his first supplement (Doc. 6) Thomas alleges that the notice of prior convictions was insufficient. The notice of prior convictions (Doc. 40 in 8:01-cr-70-T-23TBM) states as follows:

> On or about June 29, 2001, the defendant was convicted of three counts of sale of cocaine and three counts of possession of cocaine in violation of the laws and statutes of the State of Florida.[1] Also, on or about November 18, 1996, the defendant was convicted of two offenses of possession of cocaine in violation of the laws and statutes of the State of Florida. On or about October 2, 1995, the defendant was convicted of possession of cocaine in violation of the laws and statutes of the State of Florida. On or about November 10, 1994, the defendant was convicted of possession of cocaine in violation of the laws and statutes of the State of Florida.

Thomas contends that the notice is insufficient because it fails to include the case number and court of conviction for each prior conviction. Such specificity is not required. "[A]n information which d[oes] not contain the correct date, specify in detail the place of conviction, or provide a case number me[ets] § 851(a)(1)'s requirements." Perez v. United States, 249 F.3d 1261, 1266 (11th Cir. 2001), citing United States v. Gonzalez-Lerman, 14 F.3d 1479, 1485 (10th Cir. 1994). Because the underlying challenge to the sufficiency of the notice lacks merit and defense counsel's performance was not deficient for failing to raise the notice claim, Thomas's claim of ineffective assistance of counsel lacks merit.

---

[1] Thomas argues that the 2001 convictions are not his prior convictions because he was in federal custody at that time. Even if not barred by the doctrine of procedural default Thomas would not benefit from his challenge because the remaining prior convictions support the enhanced sentence.

In his second supplement (Doc. 7) Thomas alleges that each of his three prior convictions for "simple" possession of cocaine is not a "serious" offense that qualifies for enhancement purposes. Thomas relies on Salinas v. United States, 547 U.S. 188 (2006), which precludes using a prior conviction for simple possession of a controlled substance as a "controlled substance offense" when applying the Sentencing Guidelines. Salinas is inapplicable to determining an enhanced sentence under Section 841. Each of Thomas's prior convictions for "simple" possession of cocaine is a "felony drug offense" as defined in Section 802(44) and qualifies for an enhanced sentence under Section 841(b). Contrary to Thomas's argument, the definitions in the Controlled Substances Act (21 U.S.C. § 801, et seq.) and not the statutes regulating firearms (18 U.S.C. §922, et seq.) control when enhancing a sentence under Section 841.[2]

Accordingly, the motion for reconsideration (Doc. 16) is **GRANTED**. The earlier order (doc. 14) denying Thomas's motion to vacate is amended to include this denial of relief based on the two supplemental grounds. (Doc. 6 and 7)

ORDERED in Tampa, Florida, on March 31, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The United States responded (Doc. 12) to Thomas's two supplements. (Doc. 6 and 7) Thomas then replied. (Doc. 13) Hidden within the reply is yet another claim—that "the district court never held the mandatory § 851(b) colloquy"—a claim that is clearly time-barred because it is unrelated to a claim in the original motion to vacate, which was filed just days before the one-year limitation expired. The new claim is also procedurally defaulted because Thomas could have raised it on direct appeal.